**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CIRILO OROZCO-SANCHEZ,

Defendant - Appellant.

No. 05-1501

(D. Colo.)

(D.C. No. 05-cr-196-REB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Cirilo Orozco-Sanchez pleaded guilty to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). As part of his plea agreement the government agreed to recommend at sentencing that his sentence not exceed the bottom of the applicable Guidelines

---

[*]After examining the brief and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

range and to file a motion for an additional one-point reduction for acceptance of responsibility.

At the change-of-plea hearing on July 28, 2005, Mr. Orozco-Sanchez stated that he had discussed the plea agreement with his attorney, that he understood all its terms, and that he had signed it voluntarily. He stated that he understood that he was waiving certain rights, including the rights to trial by jury and to proof of the elements of the offense beyond a reasonable doubt. He also understood the elements of the offense, the potential sentences and penalties the district court might impose, and the consequences of being convicted of a felony. He stated that his plea was being given knowingly and voluntarily, and after the advice of counsel. He also stipulated to the facts recited in the plea agreement. The district court therefore accepted his plea.

At the sentencing hearing on November 4, 2005, the district court calculated the applicable Guidelines range to be 57-71 months. It then analyzed the factors under 18 U.S.C. § 3553(a) and sentenced Mr. Orozco-Sanchez to 57 months' imprisonment, to be followed by three years' supervised release, and a $100 special-assessment fee. Mr. Orozco-Sanchez has now appealed.

Counsel for Mr. Orozco-Sanchez filed an *Anders* brief stating the issues that could possibly be raised on appeal and why they have no merit. *See Anders v. California*, 386 U.S. 738 (1967). In compliance with *Anders*, counsel provided

Mr. Orozco-Sanchez with a copy of his appellate brief and Mr. Orozco-Sanchez filed a pro se reply.

The brief filed by Mr. Orozco-Sanchez's counsel states that "[b]ecause Mr. Orozco pled guilty, the only possible avenues for appeal would be irregularities in the guilty plea, or sentencing errors." Aplt. Br. at 4. In his reply Mr. Orozco-Sanchez argues that his sentence ran afoul of *United States v. Booker*, 543 U.S. 220 (2005), by treating the sentencing guidelines as mandatory rather than advisory. Mr. Orozco-Sanchez also claims that he should have been charged under § 1826(a), with its maximum penalty of 24 months' imprisonment, and not § 1826(b)(2), which provides for up to 240 months' imprisonment. He does not, however, give any reason why the charge was improper, other than that he feels that his sentence is too long and "the punishment does not fit the crime." Aplt. Reply Br. at 2. He does not contend that he is innocent of the underlying offense, and indeed admits that "the guilty plea is valid." *Id*. at 1.

We agree with Mr. Orozco-Sanchez's counsel that there are no meritorious issues to be raised on appeal, grant his motion to withdraw, and dismiss the appeal. Under *Booker* a sentencing court commits "non-constitutional *Booker* error by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion." *United States v. Buonocore*, 416 F.3d 1124, 1134 (10th Cir. 2005) (internal quotation marks omitted). But at sentencing the district court

repeatedly recognized that the Guidelines are now advisory and considered the §3553(a) sentencing factors before determining the sentence. Because the district court did not treat the Guidelines as mandatory, there was no nonconstitutional *Booker* error.

As for the length of Mr. Orozco-Sanchez's sentence, we recently held that if a district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable. The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Mr. Orozco-Sanchez does not argue on appeal that the district court improperly calculated the Guidelines range, nor does he offer any other reason why the presumption of reasonableness was overcome in this case.

We AFFIRM Mr. Orozco-Sanchez's sentence and GRANT counsel's motion for withdrawal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge